The Disciplinary Review Board having filed with the Court its decision in DRB 18-005, recommending that as a matter of final discipline pursuant to Rule 1:20-13(c), Rajshaktisinh D. Jadeja of Hempstead, New York, who was admitted to the bar of this State in 2006, and who has been temporarily suspended from the practice of law since June 7, 2017, be suspended from the practice of law for a period of two years, based on his convictions in the Supreme Court of New York, County of Nassau of second-degree manslaughter, second-degree assault, driving while under the influence of alcohol, and driving while impaired by alcohol and drugs, conduct that violates RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer);
And the Disciplinary Review Board having further concluded that the term of suspension should be retroactive to the date of respondent's temporary suspension pursuant to Rule 1:20-13(b);
And the Disciplinary Review Board having concluded that prior to reinstatement, respondent should provide proof of counseling and fitness to practice law;
And good cause appearing;
*188 It is ORDERED that Rajshaktisinh D. Jadeja is suspended from the practice of law for a period of two years and until the further Order of the Court, effective June 7, 2017; and it is further
ORDERED that prior to reinstatement to practice, respondent shall provide proof of counseling and fitness to practice law, as **7 attested to by a drug and alcohol counselor approved by the Office of Attorney Ethics; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.